UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE WILLIAMS,

    Plaintiff,

Case No. 14-12967

v.

HONORABLE DENISE PAGE HOOD

METROPOLITAN PROPERTY
AND CASUALTY INSURANCE CO.,

    Defendant.

_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
and
DISMISSING ACTION**

**I.    BACKGROUND**

Plaintiff Eddie Williams filed the instant action against Defendant Metropolitan Property and Casualty Insurance Co. ("Metropolitan") alleging a breach of insurance claim. Williams and Jasmine Oates (not a party in this matter) entered into a homeowner's insurance contract with Metropolitan to insure the property located at 18701 Kelly, Detroit, Michigan, Policy No. 3745314240, effective December 10, 2013 through December 10, 2014. (Comp., ¶ 5; Policy)

On January 23, 2014, a fire occurred on the subject property resulting in damages to the property. (Comp., ¶ 8) Williams filed a claim and proof of amount loss to Metropolitan under the Policy. (Comp., ¶¶ 9-10) After an investigation, on

April 3, 2014, Metropolitan notified Williams that the claim was denied. (Comp., ¶ 12) Williams filed the instant suit on July 15, 2014 before the Wayne County Circuit Court, State of Michigan. Metropolitan removed the action to this Court on July 29, 2014.

This matter is before the Court on Metropolitan's Motion for Summary Judgment. A response and reply have been filed and a hearing held on the matter.

## II.   ANALYSIS

### A.   Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  *Celotex Corp.*, 477 U.S. at 322-23.  A court must look to the substantive law to identify which facts are material.  *Anderson*, 477 U.S. at 248.

### B.  Ownership of Property

Metropolitan argues that Williams has no recognizable ownership in the subject property as of the date of the loss.  Metropolitan performed a title search and request for Commitment on the claim submitted by Williams and found that Williams was not on the chain of title at the time of the alleged loss on January 23, 2014.  Metropolitan claims that Spot Realty, Inc., subject to the interests of the Wayne County Tax Treasurer, the Administrator of Veteran's Affairs and possibly Amazing Blue Capital, LLC, was the appropriate owner at the time of loss.  (Motion, Exs. C, D and F)

Williams responds that the motion is premature because there is no requirement that a deed be recorded in order to be effective.  Williams submitted a Quit Claim

Deed which conveyed the property to Williams from grantor Super Homes Investment Group LLC Corporation on August 17, 2013. (Resp., Ex. 1) This Quit Claim Deed was filed with the Wayne County Register of Deeds on April 8, 2014. (*Id.*) Williams argues that the deed to Super Homes Investment from Amazing Blue Capital was recorded on April 8, 2014, the same date as Williams' deed.

A plaintiff must establish the following to state a breach of contract claim: 1) that the parties entered into a valid enforceable contract that included the terms and conditions claimed by plaintiff; 2) that the defendant breached the contract; and, 3) that the defendant's breach caused a loss to the plaintiff. *Platsis v. E.F. Hutton & Co.*, 642 F.Supp. 1277 (W.D. Mich. 1986); *Pittsburgh Tube Co. v. Tri-Bend, Inc.*, 185 Mich. App. 581 (1990). In Michigan, the paramount goal when interpreting a contract is to give effect to the intent of the contracting parties. *Old Kent Bank v. Sobczak*, 243 Mich. App. 57, 63-64 (2000). The court is to read the agreement as a whole and attempt to apply the plain language of the contract itself. *Id.* If the intent is clear from the language of the contract itself, there is no place for further construction or interpretation of the agreement. *Farm Bureau Mut. Ins. Co. v. Nikkel*, 460 Mich. 558, 566 (1999). A contract provision that is clear and unambiguous must be "taken and understood in [its] plain, ordinary, and popular sense." *Mich. Mut. Ins. Co. v. Dowell*, 204 Mich. App. 81 (1994). Unambiguous contract provisions are not subject to

4

interpretation and must be enforced as written. *Id*.

In this case, Williams does not dispute that the insurance contract at issue requires that a claimant must own the property at the time of loss. Accordingly, the Court need not interpret the contract as to whether or not ownership of the property is required under the contract since there is no dispute as to the ownership provision of the contract. The issue then is whether Williams owns the property at issue at the time of loss.

Metropolitan's own submissions show that a quit claim deed was granted to Williams at the time of loss on January 23, 2014, even though it was not filed with the County Clerk until April 8, 2014. Michigan law requires that a conveyance of land need only contain the language, "A.B. quit claims to C.D. (here describe the premises) for sum of (here insert the consideration)," with the appropriate signature and acknowledgment by the grantor sufficient conveyance in quit claim to the grantee. M.C.L. § 565.152. The quit claim deed to Williams from Super Homes Investment dated August 17, 2013 sets forth the appropriate language required by the Michigan statute. (Motion, Ex. F; Resp. Ex. 1) Metropolitan claims that because Super Homes Investment's interest is not within the chain of title, Williams has no interest in the property.

Metropolitan's submissions show that Spot Realty, which Metropolitan admits

in their motion is the proper owner, quit claimed the property to Amazing Blue Capital on May 25, 2012. (Motion, Ex. C) Metropolitan requested a title commitment on the property. The title commitment company required that before a title commitment could be issued, the "Deed from Amazing Blue Capital LLC to Super Homes Investment Group LLC Corporation, grantor in Quit Claim Deed recorded April 8, 2014 in Liber 51429, Page 1214," must be recorded. (Motion Ex. G, Doc. 5-7, ¶ 6, Pg ID 143) The quit claim deed referred to in "Liber 51429, Page 1214" is the quit claim deed filed by Williams granting the interest on the property from Super Homes Investment to Williams. (Motion, Ex. G, Doc. 5-7, ¶ 7, Pg ID 143) The title commitment search revealed no deed granting interest of the property from Amazing Blue Capital to Super Homes Investment.

Williams in his response to the summary judgment motion claims that the deed from Amazing Blue Capital to Super Homes Investment was filed on April 8, 2014. Williams did not submit any documentation to show such, but instead relied on Metropolitan's submission set forth in Exhibit G, ¶ 6. Williams' reference to ¶ 6 of Metropolitan's Exhibit G is misplaced because this paragraph did not establish such, but only set forth the *requirements* by the title commitment company before a title commitment policy could be issued. The top of the document, Exhibit G, is titled "SCHEDULE B - SECTION 1, REQUIREMENTS." The document then states,

"[t]he following requirements must be met." As one of the requirements, paragraph 6 then states, "Record Deed from Amazing Blue Capital LLC to Super Homes Investment Group LLC Corporation, grantor in Quit Claim Deed recorded April 8, 2014 in Liber 51429, Page 1214." (Motion, Ex. G, Doc. 5-7, ¶ 6, Pg ID 143) The quit claim deed referred to in paragraph 6 is set forth in paragraph 7, "[s]ubject to the interest of Eddie Dewayne Williams as set forth in Quit Claim Deed recorded April 8, 2014 in Liber 51429, Page 1214." (Motion, Ex. G, Doc. 5-7, ¶ 7, Pg ID 143)

Williams has failed to create a genuine issue of material fact that at the time of loss on January 23, 2014, he had an ownership interest on the property. The grantor of the property to Williams, Super Homes Investment, does not appear on the chain of title as recorded with the Clerk. Williams did not submit a copy of any document which would show that Amazing Blue Capital, the last entity with a recorded interest on the property, granted its interest to Super Homes Investment.

### C. Premature Motion

Williams claims that Metropolitan's summary judgment motion is premature. However, Rule 56(b) provides that a summary judgment may be filed at "any time" unless the local rule or court order requires otherwise. Fed. R. Civ. P. 56(b). Metropolitan's summary judgment motion was properly supported. Williams failed to submit any documents to create a genuine issue of material fact to support his claim

that he owned the property at the time of loss. The quit claim deed showing Williams owned the property is not supported by the publicly filed documents in the chain of title before the County Clerk. The grantor on Williams' quit claim deed, Super Homes Investment, does not appear in any of the documents filed with the County Clerk.

## III.   CONCLUSION

For the reasons set forth above and on the record,

IT IS ORDERED that the Defendant's Motion for Summary Judgment (**Doc. No. 5**) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  December 18, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 18, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager